# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LEE HELM, | 1:10-CV-01517 LJO GSA HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| PAM AHLIN, Executive Director, | |
| Respondent. | |

Petitioner is currently confined by the California Department of Mental Health as a sexually violent predator pursuant to Cal. Welfare and Institutions Code § 6600, et seq., also known as California's Sexually Violent Predator Act ("SVPA"). He is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## PROCEDURAL HISTORY

On June 18, 2009, a Stanislaus County Superior Court jury found Petitioner to be a sexually violent predator within the meaning of the SVPA. (CT[1] 118-120.) He was involuntarily committed for an indeterminate term pursuant to Cal. Welfare & Inst. Code § 6604. (CT 118-120.) Petitioner filed a notice of appeal. (CT 121.) On April 9, 2010, the California Court of Appeals, Fifth Appellate District (hereinafter "Fifth DCA"), remanded the matter back to the superior court for hearing on Petitioner's equal protection claim under People v. McKee, 47 Cal.4th 1172 (2010); judgment was affirmed in all other respects. (LD[2] 3.) Petitioner then filed a petition for review in the

---

[1] "CT" refers to the Clerk's Transcript on Appeal.

[2] "LD" refers to the documents lodged by Respondent with his answer.

California Supreme Court.  (LD 4.)  The California Supreme Court summarily denied the petition. (LD 5.)

On October 13, 2010, Petitioner filed the instant petition for writ of habeas corpus in this Court. He contends his involuntary indefinite commitment violates his constitutional rights.  He contends the indefinite nature of his commitment violates due process, the ex post facto clause, the double jeopardy clause, the equal protection clause, and the prohibition against cruel and unusual punishment.  He also claims the Department of Mental Health uses an invalid, underground regulation that fails to comply with California's Administrative Procedures Act.  Last, Petitioner claims he was denied his right to effective assistance of counsel.  Respondent filed an answer on January 18, 2011.

## FACTUAL BACKGROUND

Insofar as Petitioner's claims involve pure questions of law, the Court will not recite the underlying facts concerning Petitioner's commitment.  Suffice it to say that Petitioner suffered convictions in the Stanislaus County Superior Court in 1983 for lewd acts against a seven-year old and an eleven-year old.  Based on the testimony of two evaluating clinical psychologists and Petitioner, a jury found Petitioner to be a sexually violent predator.

## DISCUSSION

**I.  Jurisdiction**

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  In addition, the involuntary civil commitment challenged arises out of the Stanislaus County Superior Court, which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly, the Court has jurisdiction over the action.

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

F.3d 1484, 1499 (9th Cir. 1997), *quoting*, Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA; thus, it is governed by its provisions.

**II.  Legal Standard of Review**

The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70 (2003).  Under the AEDPA, a petitioner can prevail only if he can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Lockyer, 538 U.S. at 70-71; Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71, *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision."  Id., *quoting* Williams, 592 U.S. at 412; see also Harrington v. Richter, __ U.S. __, 131 S.Ct. 770, 785 (2011). "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer, 538 U.S. at 71.

Finally, this Court must consider whether the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72, *quoting*, 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413; see also Lockyer, 538 U.S. at 72.

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; see also Harrington, 131 S.Ct. at 785.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Williams, 529 U.S. at 409. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Harrington, 131 S.Ct. at 786, *quoting*, Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).  Further, "it is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. __, __, 129 S.Ct. 1411, 1413-14 (2009).  "Under 2254(d), a habeas court must determine what arguments or theories supported or, . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of [the Supreme] Court." Harrington, 131 S.Ct. at 786.  Only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents" may the writ issue. Id.

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable. See Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

**III.  Review of Petition**

A.  Ground One

1   In his first claim for relief, Petitioner alleges the indefinite nature of his commitment violates
2   due process, the ex post facto clause, the double jeopardy clause, the equal protection clause, and the
3   prohibition against cruel and unusual punishment.  Petitioner presented this claim to the Fifth DCA
4   on direct appeal.  The claim, with the exception of the equal protection argument, was rejected in a
5   reasoned opinion. Petitioner then presented the claim in a petition for review in the California
6   Supreme Court.  The petition was summarily denied.  The California Supreme Court is presumed to
7   have denied the claims presented for the same reasons stated in the opinion of the Fifth DCA.  Ylst
8   v. Nunnemaker, 501 U.S. 797, 803 (1991).

*1.  Due Process*

Petitioner argues that California's judicial review of a detainee's confinement violates due process because the detainee is not entitled to an expert, and the detainee has the burden of proof in any hearing ordered by the trial court.  Petitioner argues he is constitutionally entitled to an expert in any hearing on his continued detention.  Second, he states that although the initial hearing requires the State to prove mental illness beyond a reasonable doubt, a subsequent hearing ordered by the trial court when a detainee files a petition for discharge pursuant to Cal. Welfare & Inst. Code § 6608 requires the detainee to carry the burden of proof by a preponderance of the evidence.  He argues the Constitution requires the State to carry the burden of proof beyond a reasonable doubt.

The appellate court analyzed and rejected the claim as follows:

> Likewise, the law is settled that an indeterminate SVPA commitment, even after the 2006 amendments, does not violate due process. (See *McKee, supra*, 47 Cal.4th at pp. 1188-1193, 104 Cal.Rptr.3d 427, 223 P.3d 566 [imposing the burden of proof by a preponderance of the evidence that a committee with an indeterminate commitment is no longer an SVP does not violate due process]; see also *Kansas v. Hendricks* (1997) 521 U.S. 346, 357, 117 S.Ct. 2072, 138 L.Ed.2d 501 [involuntary civil confinement of a limited subclass of dangerous persons with proper procedures and evidentiary standards is not "contrary to our understanding of ordered liberty"]; *Foucha v. Louisiana* (1992) 504 U.S. 71, 77, 112 S.Ct. 1780, 118 L.Ed.2d 437 [due process allows holding a civil committee "as long as he is both mentally ill and dangerous, but no longer"]; *Jones v. United States* (1983) 463 U.S. 354, 366-368, 103 S.Ct. 3043, 77 L.Ed.2d 694 [imposing the burden of proof by a preponderance of the evidence that a committee with an indeterminate commitment is not guilty by reason of insanity "comports with due process"].)

(LD 3.)

As Respondent correctly states, there is no clearly established Supreme Court precedent requiring that the burden of proof be borne by the prosecution in a subsequent hearing initiated by a

detainee. In <u>Addington v. Texas</u>, 441 U.S. 418, 432-433 (1979), the Supreme Court held that the prosecution bears the burden of proof of clear and convincing evidence in the *initial* commitment proceeding. California's SVPA requires the more onerous burden of proof beyond a reasonable doubt in the initial hearing. It is therefore in accord with <u>Addington</u>.

In <u>Jones v. United States</u>, 463 U.S. 354, 370 (1983), the Supreme Court held that "when a criminal defendant establishes by a preponderance of the evidence that he is not guilty of a crime by reason of insanity, the Constitution permits the Government, on the basis of the insanity judgment, to confine him to a mental institution until such time as he has regained his sanity or is no longer a danger to himself or society." In reaching this holding, the Supreme Court expressed no reservations about the District of Columbia statute's placement of the burden of proof on an acquittee seeking release, once he has been committed. <u>Id</u>. at 356-358.

In <u>Kansas v. Hendricks</u>, 521 U.S. 346 (1997), the Supreme Court reviewed Kansas' SVPA, which "establishe[d] procedures for the civil commitment of persons who, due to a 'mental abnormality' or a 'personality disorder,' [were] likely to engage in 'predatory acts of sexual violence.'" <u>Id</u>. at 350, *quoting* Kan. Stat. Ann. §59-29a01 *et seq*. (1994). As part of the process for committing an individual the State believed to be a sexually violent predator pursuant to the Act, a trial must be held to determine whether the individual is a sexually violent predator. <u>Id</u>. at 352-353. The prosecution bears the burden of proof beyond a reasonable doubt. <u>Id</u>. at 353. Once confined, the individual is entitled to an annual review by the committing court to determine whether further commitment was warranted. <u>Id</u>. In addition, at any time, the Secretary of Social and Rehabilitation Services can authorize the individual to petition for release if the Secretary determines that the individual's condition had so changed that release was appropriate. <u>Id</u>. Finally, the individual could petition the committing court at any time. <u>Id</u>. The Supreme Court upheld the statute and did not address the specific procedures for continued confinement or the burden of proof in any of the proceedings. <u>Id</u>. at 356-360. The Supreme Court stated: "We have consistently upheld such involuntary commitment statutes provided the confinement takes place pursuant to proper procedures and evidentiary standards." <u>Id</u>. at 357.

Insofar as the only clearly established Supreme Court precedent regarding the burden of proof

in a civil commitment statute requires that the initial commitment be by clear and convincing evidence, and California's SVPA requires a much higher standard at the initial commitment, Petitioner cannot demonstrate that the state court rejection of his claim was contrary to or an unreasonable application of clearly established Supreme Court precedent. He further fails to demonstrate that the procedures used by California for release from commitment are contrary to Federal law. Thus, his claim concerning the burden of proof must fail.

Likewise, his claim regarding the appointment of an expert is meritless. Under California's SVPA, Petitioner is entitled to the assistance of an expert at his annual review. Cal. Welfare & Inst. Code § 6605. California courts have stated that although the statute does not specifically provide for the appointment of an expert at a detainee-initiated hearing, such appointment "may be reasonably inferred." People v. McKee, 47 Cal. 4th 1172, 1192 (2010). In any case, there is no clearly established Supreme Court precedent which requires an expert be appointed to assist a detainee in a release hearing requested by the detainee. Therefore, habeas relief is unavailable.

*2. Double Jeopardy, Ex Post Facto, and Cruel and Unusual Punishment*

Petitioner next argues his indefinite commitment violates the ex post facto clause of the Constitution, the double jeopardy clause, and the Eighth Amendment prohibition against cruel and unusual punishment. This claim was also presented on direct appeal where it was denied by the Fifth DCA as follows:

> After *McKee*, the law is settled that an indeterminate SVPA commitment, even after the 2006 amendments, is a civil matter imposing no punishment. (See *McKee, supra,* 47 Cal.4th at pp. 1193-1195, 104 Cal.Rptr.3d 427, 223 P.3d 566 [the 2006 amendments do not render the statutory scheme punitive]; see also *Collins v. Youngblood* (1990) 497 U.S. 37, 43, 110 S.Ct. 2715, 111 L.Ed.2d 30 [the ex post facto clause prohibits only those laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts"]; *People v. Vasquez* (2001) 25 Cal.4th 1225, 1231, 108 Cal.Rptr.2d 610, 25 P.3d 1090 [the SVPA is "protective rather than punitive in its intent"]; *Hubbart v. Superior Court* (1999) 19 Cal.4th 1138, 1179, 81 Cal.Rptr.2d 492, 969 P.2d 584 [the SVPA neither imposes punishment nor otherwise implicates ex post facto concerns].) So Helm's double jeopardy, ex post facto, and cruel and/or unusual punishment arguments are meritless.

(LD 3.)

The ex post facto clause prohibits a state from enacting a law that imposes additional punishment for a crime than the punishment was when the defendant committed the crime. Weaver v. Graham, 450 U.S. 24, 28, 101 S.Ct. 960, 964 (1981). The double jeopardy clause prohibits the

imposition of multiple punishments for the same offense resulting from successive proceedings. Hudson v. United States, 522 U.S. 93, 99 (1997). As to these constitutional protections, the state court decision is in accord with clearly established Supreme Court precedent. In Kansas v. Hendricks, the Supreme Court determined that Kansas' SVPA could not violate the double jeopardy and ex post facto clauses, because the Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive. 521 U.S. at 369. Likewise, indefinite commitment pursuant to California's SVPA is not punitive in nature. As Petitioner acknowledges, he has been indefinitely committed in a civil proceeding because a jury has determined he currently suffers from a mental disorder that makes him a danger to the health and safety of others in that it is likely he will engage in sexually violent criminal behavior. See Cal. Welfare & Inst. Code § 6600(a)(1). Therefore, Petitioner's double jeopardy and ex post facto clause claims must fail.

In addition, his claim of cruel and unusual punishment is meritless. The Eighth Amendment prohibits the imposition of "cruel and unusual punishments." U.S. Const. amend. VIII. The Eighth Amendment proscribes "barbaric punishments," Solem v. Helm, 463 U.S. 277, 284 (1983), as well as any criminal sentence that is not proportionate to the crime for which a defendant is convicted. Lockyer v. Andrade, 538 U.S. 63 (2003). But like the double jeopardy and ex post facto clauses, the proscription against cruel and unusual punishment is inapplicable here because Petitioner has been civilly committed. He is not being punished for a crime. This fact is fatal to his claim. Accordingly, the state court rejection of the claim was not contrary to or an unreasonable application of clearly established Supreme Court precedent.

### 3. Equal Protection

Petitioner also contends that his indefinite civil commitment violates his constitutional right to equal protection. He argues that individuals are subjected to disparate treatment if they are committed pursuant to California's SVPA or if they are committed under California's Mentally Disordered Offender Action. As noted by Respondent, however, this claim is unexhausted.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial

opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

In this case, Petitioner presented his equal protection claim along with his other claims on direct appeal to the Fifth DCA. In light of the California Supreme Court's holding in People v. McKee, 47 Cal. 4th 1172, 1192 (2010), the Fifth DCA remanded the case to the superior court for proceedings on the equal protection claim. Respondent notes that the matter is currently pending before the Stanislaus County Superior Court. In addition, Petitioner did not raise his equal protection claim to the California Supreme Court. Therefore, the claim is unexhausted and should be dismissed without prejudice. 28 U.S.C. § 2254(b)(1).

B. Ground Two

Petitioner next alleges that California's Department of Mental Health ("DMH") uses an invalid, underground regulation that fails to comply with California's Administrative Procedures Act.

Petitioner does not allege a violation of the Constitution or Federal law. Petitioner does not allege that the adjudication of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254. Petitioner's claim is entirely based on the interpretation and application of state law, and generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas"). In addition, federal courts are bound by state court rulings on questions of state law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493 U.S. 942 (1989). The claim should be denied.

### C. Ground Three

Petitioner claims his trial counsel rendered ineffective assistance by failing to object on the grounds discussed above.

The law governing ineffective assistance of counsel claims is clearly established for the purposes of the AEDPA deference standard set forth in 28 U.S.C. § 2254(d). Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.) In a petition for writ of habeas corpus alleging ineffective assistance of counsel, the court must consider two factors. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994). First, the petitioner must show that counsel's performance was deficient, requiring a showing that counsel made errors so serious that he or she was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. The petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. Id. at 688; United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984); Sanders v. Ratelle, 21 F.3d 1446, 1456 (9th Cir.1994).

Second, the petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result ... would have been different," 466 U.S., at 694. Petitioner must show that counsel's errors were so egregious as to deprive defendant of a fair trial, one whose result is reliable. Strickland, 466 U.S. at 688. The court must evaluate whether the entire trial was fundamentally unfair or unreliable because of counsel's ineffectiveness. Id.; Quintero-Barraza, 78 F.3d at 1345; United States v. Palomba, 31 F.3d 1356, 1461 (9th Cir. 1994).

In this case, Petitioner fails to demonstrate that counsel's performance was deficient or that he suffered prejudice from counsel's alleged failures. None of Petitioner's claims, except for his equal protection argument, have any merit. As for the equal protection argument, the matter has been remanded to the trial court for a determination on the merits. Therefore, Petitioner has not demonstrated that counsel committed serious error by failing to object on these bases. In addition,

Petitioner fails to demonstrate prejudice, that is, but for counsel's failures, the result would have been different. Accordingly, the state court rejection of the claim was not an unreasonable application of the Strickland standard. 28 U.S.C. § 2254(d)(1). The claim should be rejected.

**RECOMMENDATION**

Accordingly, IT IS HEREBY RECOMMENDED:

1) The petition be DENIED on all grounds with the exception of Petitioner's equal protection argument;

2) Petitioner's equal protection argument be DISMISSED WITHOUT PREJUDICE; and

3) The Clerk of Court be DIRECTED to enter judgment.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after date of service of the Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) days after date of service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 12, 2011**            /s/ Gary S. Austin
                                     UNITED STATES MAGISTRATE JUDGE